(Surrogate's Court, Dutchess County. December, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 296*)—ACCUMULATED INCOME—DISTRIBUTION.

    Where a testatrix gives her residuary estate in trust to "her executors and trustees," to apply to the use of certain beneficiaries quarterly the rents and profits, pending a judicial settlement of the executors' accounts,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where delay was probable, an order should be made requiring executors to distribute an accumulation of income.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1185–1198; Dec. Dig. § 296.*]

In the matter of the estate of Phebe Helen Robinson. Order for division of income among beneficiaries.

Merrill & Rogers, for petitioners.

Frank B. Lown, for D. Remsen Robinson.

HOPKINS, S. This is an application on behalf of Helen R. Zeggio and Mary R. Albee, legatees under the will of decedent, entitled to two-thirds of the income from the decedent's residuary estate, for the immediate payment to them of their share of accrued income in the hands of the executors. More than one year has elapsed since the probate of decedent's will, and an accounting is now pending before me on behalf of the executors.

It appears that the estate is considerable, and about $232,000 of bonds, mortgages, stocks, etc., are in dispute; one of the executors claiming them as his own property, and the petitioners herein claiming that they belong to the decedent's estate. This involves serious and difficult questions for determination; and, if objections are filed, it will be some time before the decree is reached and the legatees receive what is due them from the estate.

It appears that the testatrix, during her lifetime, contributed to the support of the petitioners, and that they were dependent upon her, and are now in need of support. It also appears that the major portion of the estate, which will operate as a trust fund, was invested at the time of testatrix's death, and that at the present time the executors have in their hands more than $27,000 of accrued income therefrom, which is subject to distribution bv said executors. The will of decedent, after the payment of her debts and funeral expenses and certain other devises and bequests, provides:

"I give, devise and bequeath to my executors and trustees, to wit, Duryea Remsen Robinson and Edward E. Perkins, in trust, to receive the rents, issues and profits thereof and apply them to the use of my children, Duryea Remsen Robinson and Phebe Helen Robinson Zeggio, and my granddaughter, Mary Robinson Reed, to each an equal one-third part thereof, to be paid to each of them quarterly."

It seems to me, from this language, that no distinction was intended to be created between the office of executors and trustees; and therefore I think it is untenable that the income from the estate should be withheld from the beneficiaries until the executors account and the fund passes to them as trustees. It is clear to me that the testatrix intended that these beneficiaries should receive the income from the time of her death, quarterly, and that the income now held by the executors should be at once divided among the beneficiaries.

Decreed accordingly.